UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT JOHNSON, | : Case No. 2:22-cv-2455 |
| Plaintiff, | : |
| vs. | : District Judge Sarah D. Morrison |
| | : Magistrate Judge Caroline H. Gentry |
| ANNETTE CHAMBER-SMITH, et al., | : **ORDER AND REPORT** |
| Defendants. | : **AND RECOMMENDATION** |

Plaintiff, a prisoner currently at the Trumbull Correctional Institution, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants Ohio Department of Rehabilitation and Correction Director Annette Chamber-Smith, and Madison Correctional Institution (MaCI) employees Suzanne Evans, Tom Schweitzer, Malcom Heard, Zachary Gould, Mr. Westfall, J. Conley, Craig Cann, Ms. Crain, Michael Reger, John/Jane Doe, Mr. Casto, Michael Trouch, Ms. Cunningham, and Mr. Stout for alleged violations of his rights while he was located at MaCI. (Doc. 1-1, Complaint at PageID 10–13). By separate Order plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

A. Legal Standard

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing

so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands

---

[1] Formerly 28 U.S.C. § 1915(d).

on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B. Allegations in the Complaint

Plaintiff alleges that on October 5, 2020, while at MaCI, he was attacked by another inmate named Moore. (Doc. 1-1, Complaint at PageID 14). According to plaintiff, during the attack he

3

was stabbed over fourteen times throughout his upper torso, head, and neck. Plaintiff claims his lung was punctured, that he required treatment in the form of a chest tube and numerous stiches, and that he remined in critical condition for several weeks. Plaintiff further alleges that he suffered from extreme memory loss and post traumatic stress disorder as a result of the incident. (*Id.* at PageID 19).

Prior to the attack, in July of 2020, plaintiff claims he was placed in limited privilege housing (LPH) due to problems with gang violence, threats directed toward plaintiff, and fighting. (*Id.* at PageID 14). Plaintiff claims he spoke to defendant case manager Stout about not returning to Unit W-D, where plaintiff claims the problems originated. According to plaintiff, Stout told him to send a kite to defendant unit manager chief Cann and otherwise ignored his pleas for protection. (*Id.* at Page ID 14, 31). Plaintiff further alleges that he sent multiple kites—which are attached as exhibits to the complaint—to defendants Cann, Westfall, and Heard. (*See id.* at PageID 24–37). Specifically, plaintiff claims he informed these defendants that he did not want to be placed in unit W-D with inmate Moore. Plaintiff also informed defendants Westfall and Cann that the unit staff, apparently including defendant unit manager Ms. Crain and Mr. Stout, would not help him. (*Id.* at PageID 15–16). Plaintiff alleges that defendants nevertheless directed plaintiff to Ms. Crain or Mr. Stout, and otherwise ignored his requests for protection. Plaintiff alleges that each defendant named in connection with his cell placement kept pushing him on to someone else and failed to ensure plaintiff was protected from Moore. (*See id.* at PageID 16).

In September of 2020, plaintiff claims he was released from LPH and moved to Unit W-D in a cell with inmate Moore. (*Id.* at PageID 16). Plaintiff alleges that he begged staff to move him, but that defendant Reger told him that he could either go back to LPH for refusing his cell assignment or be moved the following week. According to plaintiff, he did not want another

4

conduct report and have his visitation abilities to be taken from him, so he felt forced to accept the cell assignment with Moore. Plaintiff claims that on the sixth or seventh night in the cell, Moore attacked plaintiff with a sixteen inch long ice pick, stabbing him in the lungs, forehead, and neck. (*Id.*).

In response to the attack, plaintiff claims defendant officer Cunningham came to the cell and witnessed plaintiff bleeding badly. According to plaintiff, Moore refused Cunningham's order for him to drop his weapon. Roughly fifteen minutes later, plaintiff claims defendant Lt. Trouch arrived with other backup and extracted Moore from the cell. (*Id.* at PageID 15–16). Trouch allegedly told plaintiff to sit on the bed because he was losing too much blood, handcuffed him, and began to take him to medical along with Cunningham. Plaintiff claims that he informed Trouch and Cunningham that he could not walk on account of his injuries, however he claims that Trouch told plaintiff he "was a big boy" and they forced him to walk to medical in serious pain. (*Id.* at PageID 17). Once at medical, plaintiff claims the nurse asked why she was not called earlier because of all the blood loss.

Plaintiff claims he was escorted to the Ohio State University hospital, followed by the Franklin Medical Center, where he was listed in critical condition and remained for more than forty days. Plaintiff claims that he was visited by the institutional investigator and State Highway Patrol during this time. Although plaintiff was told that charges would be brought against Moore based on the incident, he claims no charges were ever filed. (*Id.* at PageID 17, 19)

Finally, the complaint includes allegations regarding plaintiff's grievances and investigation of the incident. Plaintiff claims he sent defendants Gould, Conley, and Schweitzer complaints regarding the incident and alleged disregard for his safety. Plaintiff further alleges that

5

he unsuccessfully appealed the dispositions of his complaints to defendant chief inspector Suzanne Evans. (*Id.* at PageID 17–19).

As relief, plaintiff seeks immediate release from custody and monetary damages. (*See Id.* at PageID 20).

### C. Analysis.

Based on the above allegations, the Court understands plaintiff to bring Eighth Amendment claims for failure to protect him from harm and for his treatment following the attack. Plaintiff also appears to seek to hold multiple defendants liable in connection with the investigation of the incident and the grievance process.

Liberally construed, plaintiff has stated an Eighth Amendment failure to protect claim against defendants Heard, Westfall, Cann, Reger, Crain, and Stout based on his allegation that these defendants failed to protect him from harm despite being aware of plaintiff's safety concern prior to the attack. Plaintiff has also stated a plausible Eighth Amendment claim against defendants Toch and Cunningham, based on his allegation that these defendants forced him to walk to medical despite having just been stabbed fourteen times and experiencing significant blood loss and pain. At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that these claims are deserving of further development and may proceed at this juncture.

Plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

First, to the extent that plaintiff seeks release from custody, the proper mechanism for petitioner to challenge his present physical custody is a petition for a writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody

cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Accordingly, to the extent that plaintiff seeks relief in the form of his release from custody his sole remedy is a petition for a writ of habeas corpus after exhausting his state court remedies.

The complaint should also be dismissed against defendants Annette Chambers-Smith, the John/Jane Doe defendant, and Mr. Casto. Although these individuals are listed as defendants (*see* Doc. 1-1, Complaint at PageID 10-11), the complaint does not include any factual allegation against them. Absent any allegation of wrongdoing, plaintiff has failed to state a claim upon which relief can be granted against these defendants.

Additionally, the complaint should be dismissed against defendant warden Schweitzer to the extent that plaintiff seeks to hold this defendant liable for the conduct of subordinates or for failure to take corrective action. Plaintiff claims that the other named defendants report directly to Schweitzer and that Schweitzer, therefore, failed to protect him. (*See* Doc. 1-1, Complaint at PageID 14). However, *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Furthermore, § 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The mere fact that defendant Schweitzer is the MaCI warden is not enough to impose liability on this defendant under section 1983.[2]

---

[2] As noted above, the complaint does not include any factual allegations against defendant ODRC director Annette Chamber-Smith or MaCI medical director Mr. Castro. However, to the extent that plaintiff seeks to hold these

7

Plaintiff's claims brought in connection with the grievance process, appeal, and investigation of the incident should also be dismissed. As noted above, plaintiff claims that he sent defendants Gould, Conley, and Schweitzer a grievance/complaint following the incident, and subsequently appealed the dispositions to defendant Evans. To the extent that plaintiff claims the grievance procedure failed to produce the correct outcome, this cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998) (citations omitted). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Therefore, plaintiff's claims against defendants Schweitzer, Gould, Conley, and Evans brought in connection with the grievance process, appeal, and investigation of the incident should be dismissed.

Accordingly, in sum, plaintiff may proceed with his Eighth Amendment claims against defendants Heard, Westfall, Cann, Reger, Troch, Cunningham, Crain, and Stout. Having found that the remaining claims alleged in the complaint fail to state a claim upon which relief may be granted, plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

---

defendants liable based on their supervisory positions, he has likewise not stated a claim up on which relief may be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), with the exception of plaintiff's Eighth Amendment claims against defendants Heard, Westfall, Cann, Reger, Troch, Cunningham, Crain, and Stout.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the Order granting plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Heard, Westfall, Cann, Reger, Troch, Cunningham, Crain, and Stout, with costs of service to be advanced by the United States.

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


Date:  10/12/2022                              */s/ Caroline H. Gentry*
                                               Caroline H. Gentry
                                               United States Magistrate Judge