IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERT JOHNSON, | : | Case No. 2:22-cv-02455 |
| Plaintiff, | : | |
| | : | District Judge Sarah D. Morrison |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| ANNETTE CHAMBERS-SMITH, et al., | : | |
| Defendants. | : | |

# DECISION AND ORDER

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff is an Ohio inmate proceeding *in forma pauperis* and without the assistance of counsel. Following dismissal of various related claims (*see* Order, ECF No. 10), this case remains before the Court with respect to Plaintiff's Eighth Amendment claims against Defendants Heard, Westfall, Cann, Cann, Reger, Troch, Cunningham, and Stout, each of whom is or was an employee of the Madison Correctional Institute (MaCI).

This matter has been referred to the undersigned Magistrate Judge to rule upon the following motions and filings: Plaintiff's Request For Issuance Of Deposition Subpoenas [incorrectly docketed as Request For Issuance Of Summons] (ECF No. 12); Plaintiff's [Second] Motion for Appointment of Counsel (ECF No. 16); Plaintiff's Motion to Compel (ECF No. 19); Plaintiff's Motion for Compliance (ECF No. 21); Plaintiff's Motion to Correct the Record (ECF No. 22); Plaintiff's Motion for Pro Se Mediation Program (ECF No. 24); Plaintiff's Motion to Supplement the Record (ECF No. 25);

1

Plaintiff's Motion to Compel Defendants to Fulfill Plaintiff's Request for Discovery (ECF No. 26); Plaintiff's Motion for Additional Interrogatories (ECF No. 27); Plaintiff's Motion to Compel Discovery (ECF No. 28); and Plaintiff's Motion for Extension of Time to Serve Defendants (ECF No. 29). The Court addresses each of these motions and/or filings below.

      **A.**      **Plaintiff's Second Motion for Appointment of Counsel (ECF No. 16) and Motion to Supplement the Record (ECF No. 25)**

When Plaintiff filed this lawsuit, he also filed a Motion for Appointment of Counsel. (ECF No. 2.) The Court denied that Motion, explaining that "[t]he appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances . . . No such circumstances appear in this case." (ECF No. 3.)

On February 10, 2023, Plaintiff filed a second Motion for Appointment of Counsel. (ECF No. 16.) Subsequently, on April 13, 2023, Plaintiff filed a Motion to Supplement the Record (ECF No. 25). That Motion asks the Court, when deciding Plaintiff's Motion to Appoint Counsel, to consider the contents of a "kite" (i.e., a written request) that Plaintiff exchanged with an MaCI employee in November 2021. Although the kite is unsworn and unauthenticated, the Court finds that consideration of the kite, solely for purposes of Plaintiff's request for counsel, would not prejudice Defendants. The Court therefore **GRANTS** Plaintiff's Motion to Supplement (ECF No. 25).

Neither the kite nor Plaintiff's Second Motion for Appointment of Counsel change the Court's rationale for denying Plaintiff's First Motion for Appointment of Counsel, namely, that exceptional circumstances do not justify the appointment of counsel at this

stage of this litigation. The Court notes that it is not bound by a Corrections Officer's remark that "[Plaintiff] will need to get counsel regarding this." (*Id*. at PageID 209.)

Therefore, for the reasons set forth in its October 12 Order (ECF No. 3), the Court **DENIES** Plaintiff's Second Motion for Appointment of Counsel (ECF No. 16) **WITHOUT PREJUDICE**. Plaintiff may renew his request for counsel if this matter proceeds past motions to dismiss and motions for summary judgment.

### B. Plaintiff's First Motion to Compel (ECF No. 19)

On January 6, 2023, Plaintiff filed a Certificate of Service attesting that, on December 30, 2022, he had, via regular U.S. mail, served a First Set of Interrogatories upon Defendants Westfall, Heard, Reger, and [Craig] Cann. (ECF No. 14.) On February 17, 2023, Plaintiff filed a Motion to Compel in which he asserted that he had not yet received responses from Defendants Heard and Westfall. (ECF No. 19, PageID 192.) Because more than the thirty days prescribed by Fed. R. Civ. P. 33(b)(2) had passed, Plaintiff moved the Court to issue an order compelling Defendants Heard and Westfall to respond to his discovery requests. (*Id*. at PageID 192–93.)

On March 6, 2023, the Office of the Ohio Attorney General, responding on behalf of all Defendants pursuant to Ohio Rev. Code § 109.361, filed a Response in Opposition to Plaintiff's Motion to Compel. (ECF No. 23.) The Attorney General represented that Defendant Westfall's responses to Plaintiff's First Set of Interrogatories were mailed to Plaintiff on February 13, 2023, and argued that Plaintiff's Motion to Compel is moot with respect to Defendant Westfall. (*Id*. at PageID 202.) The Court agrees. Even if his response was untimely, Defendant Westfall cannot be compelled to do what he has

3

already done. With respect to Defendant Westfall, therefore, the Court **DENIES** Plaintiff's Motion to Compel (ECF No. 19).

The Ohio Attorney General also argued that the Court should deny Plaintiff's Motion to Compel with respect to Defendant Heard because this Defendant has not been served. The Court agrees that it cannot compel an individual who is not properly before the Court to respond to Plaintiff's discovery requests. Accordingly, the Court also **DENIES** Plaintiff's Motion to Compel (ECF No. 19) with respect to Defendant Heard.

### C. Plaintiff's Request For Issuance Of Deposition Subpoenas (ECF No. 12) And Motion for Compliance (ECF No. 21)

On February 27, 2023, Plaintiff filed a document titled "Motion for Compliance with Issuance of Subpoena." (ECF No. 21.) In that Motion, Plaintiff asserts that "[a]ccording to court records[,] [a] subpoena [for Defendant Westfall] was filed on January 6, 2023" and that "Defendant Westfall ha[d] yet to respond to or otherwise comply with the subpoena." (*Id*. at PageID 197.) Plaintiff asks the Court to issue an Order compelling Defendant Westfall "to comply with the subpoena issued to him in the above-captioned case." (*Id*.)

To date, however, the Court has not issued a subpoena to Defendant Westfall. In a document filed on January 3, 2023, Plaintiff asked the Court to issue four deposition subpoenas to three inmates at Ross Correctional Institution and a mental health nurse at MaCI. Plaintiff included four subpoenas that were blank except for the names of each putative deponent. Under Rule 45(a)(2), the Clerk of Court is required to "issue a subpoena, signed but otherwise in blank, to a party who requests it." Fed. R. Civ. P.

4

45(a)(2). Nevertheless, the Clerk has not issued the requested subpoenas. The Court therefore **DIRECTS** the Clerk of Court to comply promptly with Rule 45(a)(2) and issue signed subpoenas to Plaintiff. Since no subpoena has been served on Defendant Westfall to date, the Court **DENIES** Plaintiff's Motion to Compel Compliance (ECF No. 21).

### D. Plaintiff's Second Motion to Compel (ECF No. 26)

Plaintiff's Second Motion to Compel (ECF No. 26) challenges certain perceived deficiencies in Defendants' discovery responses. This Motion does not, however, "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also* S.D. Ohio Civ. R. 37.1 ("Objections, motions, applications, and requests relating to discovery shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences.").

Despite the leniency afforded to *pro se* plaintiffs, *Lamb v. Howe*, 677 F. App'x 204, 207 (6th Cir. 2017), Plaintiff's failure to include a good-faith certification is fatal. *See, e.g., Woodard v. Winters*, No. 2:16-CV-00704, 2017 WL 3872594, at *2–3 (S.D. Ohio 2017) (Vascura, M.J.) (collecting cases to the effect that a *pro se* plaintiff's motion to compel should be denied for failing to include a Rule 37(a)(1) good-faith certification).

Accordingly, the Court **DENIES** Plaintiff's Second Motion to Compel (ECF No. 26) **WITHOUT PREJUDICE**. Plaintiff may renew his Motion if his good-faith efforts to resolve these disputes informally with Defendants are unavailing, and if he complies with Fed. R. Civ. P. 37 and S.D. Ohio Civ. R. 37.1.

E. **Plaintiff's Motion to Correct the Record (ECF No. 22)**

On March 2, 2023, Plaintiff filed a document captioned Motion to Correct the Record. (ECF No. 22.) In this Motion, Plaintiff seeks to change certain dates set forth in his Complaint. The Court therefore construes Plaintiff's Motion as seeking leave to amend pursuant to Fed. R. Civ. P. 15(a)(2).

In this Circuit, "[a]n inmate filing a civil rights action under § 1983 is free to file an amended complaint as a matter of right at any time before his complaint is dismissed." *DeRyke v. Carson City Corr. Health CARE*, No. 22-1792, 2023 U.S. App. LEXIS 6205, *2 (6th Cir. Mar. 15, 2023) (internal citations omitted). The Court therefore **GRANTS** Plaintiff's request for leave to file an amended complaint with the proposed corrections.

F. **Plaintiff's Motion for Additional Interrogatories (ECF No. 27)**

On April 25, 2023, Plaintiff filed a Motion for Additional Interrogatories. (ECF No. 27.) Pursuant to Federal Rule of Civil Procedure 33(a)(1), Plaintiff represents that he has served twenty-five interrogatories upon each Defendant and seeks leave to serve each Defendant with an additional five interrogatories. (*Id.* at PageID 219.)

"A party requesting leave to serve additional discovery requests must make a particularized showing to establish a need for those additional requests." *Mall v. Merlo*, No. 2:18-CV-00430, 2019 WL 2521165, *3 (S.D. Ohio 2019) (Vascura, M.J.) (internal citations omitted). Here, Plaintiff has offered no explanation as to why he needs to serve additional interrogatories. (*See* ECF No. 27.) The Court therefore lacks sufficient information to determine whether such interrogatories are justified.

6

Accordingly, the Court **DENIES** Plaintiff's Motion for Additional Interrogatories (ECF No. 27) **WITHOUT PREJUDICE**. Plaintiff may renew this motion if he can demonstrate a particularized need for the additional interrogatories and explain why the benefits of allowing those additional interrogatories would outweigh the concomitant burden on Defendants. *See Mall*, 2019 WL 2521165, at *3 (citing *Pettus-Brown v. Phelps*, No. 2:18-CV-00082, 2018 WL 5960821 (S.D. Ohio 2018) (Jolson, M.J.)).

### G. Plaintiff's Third Motion to Compel (ECF No. 28) and Motion for Extension of Time to Serve Defendants (ECF No. 29)

On October 12, 2022, following its initial screening of this matter, the Court ordered the United States Marshal to serve copies of the complaint and summons upon all Defendants. (ECF No. 6, PageID 117.) The Marshals Service promptly sent those documents via certified U.S. Mail to the Madison Correctional Institute, where they were accepted by an individual signing simply "MaCI." (ECF No. 8.) On October 27, however, the Court received a letter from MaCI Warden Leon Hill that stated: "Certified mail addressed to Ms. Cunningham, Michael Troch, Mr. Stout, and Malcolm Heard were [sic] accepted in error by mailroom staff. The individuals that are addressed on the envelopes do not work at Madison Correctional Institution." (ECF No. 9.)

On April 28, 2023, Plaintiff filed a Motion for Extension of Time to Serve Defendants (ECF No. 29) in which he asserts that he "has only just" received a copy of Warden Hill's letter indicating that Defendants Cunningham, Troch, Stout, and Heard were not properly served. (ECF No. 29, PageID 225.) Plaintiff therefore asks the Court to

extend the time for service of the complaint and summons upon those Defendants pursuant to Federal Rule of Civil Procedure 4(m), which provides:

> If a defendant is not served [with a complaint and summons] within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Good cause for untimely service exists where a Plaintiff has made "a reasonable, diligent effort to timely effect service of process." *Thul v. Haaland*, 2023 U.S. App. LEXIS 5046, at *6 (6th Cir. 2023) (internal citation omitted). The relevant inquiry is whether the delay in service is "outside the plaintiff's control." *Id.* (internal citations omitted).

Here, Plaintiff is proceeding *in forma pauperis* and the Court ordered the United States Marshals Service to effectuate service on Defendants. Plaintiff is thereby "reliev[ed] . . . of the burden to serve process" and need only take "reasonable steps" to identify Defendants. *Blair v. Schievelhud*, 2022 WL 18861790, at *5 (6th Cir. 2022) (internal citations omitted). Accordingly, to show good cause in the instant case, Plaintiff need only establish that "[the Marshal] has failed to properly serve process through no fault of [Plaintiff]". *Id.* (internal citations omitted).

The Court finds that Plaintiff has met this burden. Notably, Warden Hill addressed his letter to the United States Marshals Service and apparently did not send Plaintiff a copy. (*See* ECF No. 9.) Nor is there any indication that the Clerk sent Plaintiff a copy of Warden Hill's letter. Indeed, at least as late as February 17, 2023, Plaintiff's filings indicate that he was operating under the misapprehension that service had, in fact, been perfected upon Defendants Cunningham, Troch, Stout, and Heard. Plaintiff can hardly be

8

faulted for this belief given that the Madison Correctional Institute initially accepted service on behalf of these Defendants and no one informed Plaintiff of its later retraction of that acceptance.

Good cause therefore exists to grant Plaintiff's Motion for Extension of Time to Serve Defendants (ECF No. 28). However, the fact remains that neither Plaintiff nor the Marshals Service has current addresses for Defendants Cunningham, Troch, Stout, and Heard. Without those addresses, an extension of time for service would be futile.

Plaintiff's [Third] Motion to Compel Discovery (ECF No. 28) attempts to solve this problem by requesting a Court order that requires Warden Hill to provide addresses for these unserved Defendants. But Warden Hill is not a party to this lawsuit, and the Court "cannot grant a motion to compel discovery from a non-party when no underlying subpoena exists." *Tarrier Steel Co., v. Wesex Corp.*, No. 2:18-CV-00528, 2019 WL 1567533, at *7–8 (S.D. Ohio 2019) (Preston Deavers, M.J.).

Plaintiff could, of course, seek the information by means of a subpoena directed to Warden Hill. Alternatively, the Court could add Warden Hill as a party to this action for the limited purposes of discovery. *See, e.g.*, *English v. Neil*, No. 1:20-CV-00884, 2022 WL 159547, at *7–8 (S.D. Ohio 2022) (Litkovitz, M.J.). However, "[b]ased on the current posture of the case, the Court finds further delays in service would be prejudicial to the parties, this Court, and the interests of the public at large". *Harris v. Erdos*, 1:20-CV-00769, at ECF No. 8, PageID 58 (S.D. Ohio 2020) (Bowman, M.J.)

Fortunately, the Ohio Attorney General has entered an appearance for certain Defendants in this matter and has asserted an interest in the representation of Defendants

9

Heard, Troch, Cunningham, and Stout. (*See* Defendants' Answer, ECF No. 11, PageID 144, at n. 1.) Accordingly, in keeping with its established practice, *see Harris* at ECF No. 8, PageID 59 (collecting cases), the Court will order the Ohio Attorney General to provide current addresses for the unserved Defendants. *See Mincy v. Hamilton Cnty. Just. Ctr.*, 1:20-CV-00822, 2021 WL 5754729, at *4 (S.D. Ohio 2021) (Barrett, D.J.) (collecting cases to the effect that, although not obligated to do so, "a district court may undertake measures to discover the identity and address of an unserved defendant").

The Court therefore **GRANTS** Plaintiff's Motion for Extension of Time to Serve Defendants (ECF No. 29), **DENIES** Plaintiff's Third Motion to Compel (ECF No. 28), and *sua sponte* **ORDERS** the Ohio Attorney General to file, within fourteen (14) days of the date of this Order, a notice stating whether Defendants Heard, Troch, Cunningham, and Stout remain employed by the State of Ohio and, if so, the addresses at which they may be served. If any of these Defendants is no longer employed by the State of Ohio, the Ohio Attorney General shall instead submit, *in camera*, the last known home address of that Defendant. After the Ohio Attorney General provides the addresses, the Court will direct the United States Marshals Service to effectuate service upon these Defendants.

      **H.**     **Plaintiff's Motion for Pro Se Mediation Program (ECF No. 24)**

On March 20, 2023, Plaintiff filed a document captioned Motion for Pro Se Mediation Program. (ECF No. 24.) That document asked the Court to "enter [Plaintiff] into the Pro Se Mediation Program." (*Id*. at PageID 205.) The Court is empowered to grant that motion or, indeed, to order mediation *sua sponte*. *See* Southern District of Ohio Supplemental Procedures for Alternative Dispute Resolution (citing to the Alternative

Dispute Resolution Act, 28 U.S.C. § 651 *et seq*.). The Court appreciates Plaintiff's motivation to resolve this matter and strongly supports the use of the Court's pro se mediation program. However, as discussed above, several Defendants remain unserved in this case. The Court therefore finds that referral of this matter to mediation would be premature. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Pro Se Mediation Program (ECF No. 24). Plaintiff may renew that motion after Defendants Heard, Troch, Cunningham, and Stout are served and respond to the Complaint.

## I.  Conclusion

In sum, for the reasons stated, the Court hereby **ORDERS** as follows:

1) Plaintiff's Request for Issuance Of Deposition Subpoenas (incorrectly docketed as Request for Issuance of Summons) is **GRANTED.** The Clerk is **DIRECTED** to comply promptly with Rule 45(a)(2) and issue signed subpoenas to Plaintiff.

2) Plaintiff's Second Motion for Appointment of Counsel (ECF No. 16) is **DENIED**.

3) Plaintiff's First Motion to Compel (ECF No. 19) is **DENIED**.

4) Plaintiff's Motion for Compliance (ECF No. 21) is **DENIED WITHOUT PREJUDICE**.

5) Plaintiff's Motion to Correct the Record (ECF No. 22) is construed as a Motion for Leave to Amend Complaint and, to that extent, is **GRANTED**.

6) Plaintiff's Motion to Supplement the Record (ECF No. 25) is **GRANTED**.

7) Plaintiff's Second Motion to Compel (ECF No. 26) is **DENIED WITHOUT PREJUDICE**.

8) Plaintiff's Motion for Additional Interrogatories (ECF No. 27) is **DENIED WITHOUT PREJUDICE**.

9) Plaintiff's Third Motion to Compel (ECF No. 28) is **DENIED**.

10) Plaintiff's Motion for Extension of Time to Serve Defendants (ECF No. 29) is **GRANTED**. The failure of timely service upon Defendants Heard, Troch, Cunningham, and Stout is excused. The Court will direct service upon those Defendants by the United States Marshals Service by separate Order once the Ohio Attorney General provides the Defendants' addresses.

11) The Ohio Attorney General is **ORDERED** to proceed as follows: Within fourteen (14) days of this Order, the Ohio Attorney General shall file a statement of record indicating whether Defendants Heard, Troch, Cunningham, and Stout remain employed by the State of Ohio and, if so, the addresses of the places of employment at which they may be served. If any of these Defendants is no longer employed by the State of Ohio, the Ohio Attorney General shall instead submit, *in camera*, the last known home address of that Defendant.

12) Plaintiff's Motion for Pro Se Mediation Program (ECF No. 24) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Procedure on Objections

If any party objects to this Report and Recommendation (Report), that party may, within fourteen (14) days of the date that this Report was filed, file and serve written objections to specific findings or recommendations along with supporting authority for the objection(s). Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. A District Judge will then make a *de novo* determination of the portions of the report, findings, or recommendations to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, this Court's findings or recommendations, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are advised that a failure to object to the Report will result in a waiver of a party's right (1) to have the District Judge review the Report *de novo* and (2) to appeal a decision of the District Court adopting the Report. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).