IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROBERT JOHNSON, | Case No. 2:22-cv-02455 |
| Plaintiff, | District Judge Sarah D. Morrison |
| vs. | Magistrate Judge Caroline H. Gentry |
| ANNETTE CHAMBERS-SMITH, *et al.*, | |
| Defendants. | |

## ORDER DENYING PLAINTIFF'S MOTION TO TAKE JUDICIAL NOTICE

On March 2, 2023, Plaintiff filed a "Motion to Correct the Record." (ECF No. 22.) That document stated that Plaintiff's Complaint contained certain errors, namely misstating certain dates. (*Id*. at PageID 199.) Plaintiff therefore "ask[ed] that these corrections be made to the record for all further proceedings." (*Id*.)

Rule 60(a) of the Federal Rules of Civil Procedure empowers the Court to "correct a clerical mistake . . . whenever one is found in . . . the record." *See also, e.g.*, *Alpern v. UtiliCorp United*, 84 F.d 1525 (8th Cir. 1996) (Rule 60(a) applies to correction of complaints). However, the public has a strong interest in free access to an unaltered record. *See, e.g.*, *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016). *See also Hispanic Nat'l Law Enf't Ass'n NCR v. Prince George's Cnty.*. 2021 WL 488641, at *18 (D. Md.) (discussing "the need to promote the ability of the public to understand the judicial process", which "is at its apex" when governmental or law-enforcement agencies are parties (internal citations omitted)). Therefore, Rule 60(a)

1

cannot be used to make *substantive changes*. *Olle v. Gebry & Wright Corp.*, 910 F.2d 357, 363–64 (6th Cir. 1990) (citing to *Jones v. Anderson-Tully Co.*, 722 F.2d 211, 212–13 (5th Cir. 1984) ("Although Rule 60(a) clerical mistakes need not be made by the clerk, they must be in the nature of recitation of amanuensis mistakes . . . ")).

Plaintiff's Motion to Correct the Record sought to change the date of his cause of action by two weeks. (ECF No. 22 at PageID 199.) Such a modification would "affect the substantive rights of the parties" and therefore could not be accomplished by a Rule 60(a) motion. *Olle*, 910 F.2d at 363–64. *See also id*. at 363 ("The need to consider evidence outside the record is some indication that the error involved is not merely clerical."). However, because Plaintiff is entitled to liberal construction of his filings, *e.g.*, *Alsobrook v. UPS Ground Freight, Inc.*, 352 F. App'x 1, 4 (6th Cir. 2009), the Court construed Plaintiff's Motion to Correct the Record as a motion for leave to amend his complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure ***and granted that Motion***. (ECF No. 30, PageID 234.)

This matter is now before the Court upon Plaintiff's Motion to Take Judicial Notice Pursuant to Fed. R. Evid. 201. (ECF No. 34.) That document asks "[the] Court to take judicial notice of the fact that Plaintiff's Motion to Correct the Record . . . was not a motion to *amend* his civil complaint, but rather a motion to correct a clerical error within the complaint." (*Id*. at PageID 260 (emphasis in original).) Although Plaintiff's filings must be liberally construed, *e.g.*, *Alsobrook*, 352 F. App'x at 4, his reliance on Federal Rule of Evidence 201 is misplaced. That rule provides that the Court may take judicial notice of *facts* that are "generally known within the trial court's territorial jurisdiction" or

2

that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." It is not a vehicle to correct clerical errors in pleadings.

Accordingly, Plaintiff's Motion to Take Judicial Notice (ECF No. 34) is denied. However, Plaintiff is reminded that he does have permission to file an amended complaint per this Court's prior order.

**IT IS SO ORDERED**.

/s/ Caroline H. Gentry
Caroline H. Gentry
United States Magistrate Judge

Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within **FOURTEEN** days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Order is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).