IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT JOHNSON,<br><br>    Plaintiff,<br><br>vs.<br><br>ANNETTE CHAMBERS-SMITH, *et al.*,<br><br>    Defendants. | Case No. 2:22-cv-02455<br><br>District Judge Sarah D. Morrison<br>Magistrate Judge Caroline H. Gentry |

# DECISION AND ORDER

This is a civil rights action under 42 U.S.C. § 1983. Plaintiff, an Ohio inmate proceeding *in forma pauperis* and without the assistance of counsel, brings Eighth Amendment claims against employees of the Madison Correctional Institute. The following filings have been referred to the undersigned Magistrate Judge and are addressed below: Plaintiff's Motion for Leave to File Additional Interrogatories ("Motion for Additional Interrogatories") (ECF No. 36); Plaintiff's Motion to Compel Defendants to Fulfill Plaintiff's Request for Discovery ("Motion to Compel") (ECF No. 37); Plaintiff's Motion to Take Judicial Notice Pursuant to Fed. R. Evid. 201 ("Motion for Judicial Notice") (ECF No. 38); and Plaintiff's letter to the Court (ECF No. 39).

**I.    Plaintiff's Motion for Additional Interrogatories (ECF No. 36)**

Plaintiff previously moved for leave to serve additional interrogatories upon Defendants Westfall and Cann. (ECF No. 27.) Because Plaintiff failed to demonstrate a

1

particularized need for additional interrogatories, the Court denied that motion without prejudice to renewal. (ECF No. 30, PageID 234–35.)

Plaintiff has now filed a second Motion for Additional Interrogatories, which, by way of particularized need, states that

> [t]here is a need for additional interrogatories for the purpose of obtaining additional testimonial evidence relevant to Plaintiff's civil complaint. The need was created by Defendants Westfall and Cann's responses to Plaintiff's earlier interrogatories and from additional reports received by Plaintiff since the filing of the first twenty-five (25) interrogatories, which include evidence contrary to one or more of Westfall and Cann's responses to those interrogatories.

(ECF No. 36, PageID 267.)

The discovery of new information of the kind Plaintiff describes *may* give rise to a particularized need for additional discovery. *See, e.g.*, *Heins v. Commerce & Indus. Ins. Co.*, 3:17-CV-00110, 2018 WL 4963570, at *10-11 (S.D. Ohio 2018) (Ovington, M.J.); *Shank v. Mitchell*, 2:00-CV-00017, 2011 WL 2712593 (S.D. Ohio 2011) (Marbley, D.J.). However, the requesting party generally must "submit the proposed additional requests to the district court for review." *Pettus-Brown v. Phelps*, No. 2:18-CV-00082, 2018 WL 5960821, at *13 (S.D. Ohio 2018) (Jolson, M.J.) (collecting cases). In the instant case, Plaintiff has not submitted his proposed additional interrogatories to the Court. Nor does his motion provide enough information for "the Court . . . to determine that the requested information is necessary to prove Plaintiff's claims." *Id*. at *14 (internal citation omitted). *See also Martin v. Posey*, 2:15-CV-02294, 2017 WL 412876, at *10 (S.D. Ohio) (Kemp, M.J.) ("While pro se pleadings are construed more liberally, the fact that Plaintiff

proceeds pro se does not entitle him to ignore the procedural rules for conducting discovery." (internal citation omitted)).

Accordingly, the Court again **DENIES** Plaintiff's Motion for Leave to File Additional Interrogatories (ECF No. 36) **WITHOUT PREJUDICE**. Plaintiff may renew this motion if he can demonstrate a particularized need for *the specific additional interrogatories that he proposes* (which should be attached to the motion) and if he can explain why the benefits of allowing those additional interrogatories would outweigh the concomitant burden on Defendants. *See Mall v. Merlo*, No. 2:18-CV-00430, 2019 WL 2521165, *3 (S.D. Ohio 2019) (Vascura, M.J.) (citing *Pettus-Brown*, 2018 WL 5960821).

## II. Plaintiff's Motion to Compel (ECF No. 37)

On April 25, 2023, Plaintiff filed a Motion to Compel Defendants to Fulfill Plaintiff's Request for Discovery (ECF No. 26). The Court denied that motion without prejudice on the ground that Plaintiff had failed to include a good-faith certification as required by Fed. R. Civ. P. 37(a)(1). (ECF No. 30, PageID 233.)

Plaintiff has now renewed his motion to compel, asking that the Court order Defendants to comply with certain requests for documents. (ECF No. 37, PageID 270.) Plaintiff's renewed motion properly includes a Certificate of Good Faith that certifies under penalty of perjury that Plaintiff "ha[s] made every attempt [he] can possibly make to contact the Defendants concerning the requested Discovery." (*Id*. at PageID 272.) The Court finds that certification satisfies the requirements of Rule 37(a)(1) and thus that Plaintiff's Motion to Compel (ECF No. 37) is now properly before the Court.

Defendants have not responded to Plaintiff's Motion to Compel, *see* S. D. Ohio Civ. R. 7.2(a)(2), which the Court therefore construes as unopposed. *See, e.g.*, *Kendle v. Whig Enters., LLC*, No. 2:15-CV-01295, 2016 WL 898569, at *4 (S.D. Ohio 2016) (McCann King, M.J.) ("Ordinarily, an unopposed motion to compel would be granted."). Furthermore, the Court has reviewed the requests with which Plaintiff seeks to compel compliance, and they are not patently improper. *See Carfagno v. Jackson National Life Ins. Co.*, 2001 WL 34059032, at *1 (W.D. Mich. 2001); *Shenker v. Sportelli*, 83 F.R.D. 365, 367 (E.D. Penn. 1979).

Accordingly, the Court **GRANTS** Plaintiff's Motion to Compel (ECF No. 37). Defendants are **ORDERED** to provide Plaintiff with all of the documents identified in the Motion to Compel no later than thirty (30) days from the date of this Order.

### III. Plaintiff's Motion for Judicial Notice (ECF No. 38)

When Plaintiff commenced this action, he named "Michael Troch" as a defendant. (Complaint, ECF No. 1-1, PageID 13.) Although the Madison Correctional Institute initially accepted service on Troch's behalf (ECF No. 8), it later came to the attention of Plaintiff and the Court that Troch had not been served. (*See* ECF No. 30, PageID 235.) The Court therefore ordered the Ohio Attorney General, in its capacity as defense counsel, to provide an address at which Troch[1] could be served. (*Id*. at PageID 238.)

The Ohio Attorney General complied with that Order but noted that the Ohio Department of Rehabilitation and Correction had no record of an employee by the name

---

[1] That Order also addressed several other unserved defendants not relevant here.

4

of Michael Troch. (ECF No. 33, PageID 258.) Instead, the Attorney General suggested that Plaintiff had intended to name Lieutenant Brian Troesch as a defendant. (ECF No. 33, PageID 258.) Plaintiff's Motion for Judicial Notice confirms this fact and requests that "the Court take Judicial Notice of this fact and ensure that Defendant Troesch is served under the proper name." (ECF No. 38, PageID 274.)

Significantly, Plaintiff also filed an amended complaint (ECF No. 40) that names Lieutenant Troesch as a Defendant (*id*. at PageID 286), and the Court ordered the eU.S. Marshal to serve the amended complaint (ECF No. 41, PageID 297–98). Plaintiff's Motion for Judicial Notice (ECF No. 38) is therefore moot.

The Court notes that this is the second time Plaintiff has filed a motion asking the Court to take judicial notice. (*See* ECF No. 34.) In denying Plaintiff's first such motion, the Court advised Plaintiff that Federal Rule of Evidence 201 is just that – a rule of *evidence*. "It is not a vehicle to correct . . . errors in pleadings." (ECF No. 35, PageID 264–65.) The Sixth Circuit's discussion of judicial notice in *Abu-Joudeh v. Schneider* is instructive on this point:

> While parties must normally submit admissible evidence to support the factual allegations in their case, sometimes a fact is so obvious that federal courts will allow a shortcut around these procedures. This shortcut—judicial notice—is governed by Federal Rule of Evidence 201, which allows courts to "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In a civil case like this one, when a court takes judicial notice, the noticed fact is presented to the jury, which is required to accept it 'as conclusive.'

954 F.3d 842, 848 (6th Cir. 2020) (internal citations omitted).

As with his first motion, Plaintiff's second Motion for Judicial Notice (ECF No. 38) does not ask the Court to take judicial notice of a *fact*. Rather, it asks the Court to substantively alter a pleading. As the Court previously informed Plaintiff, an alteration of that kind must be accomplished by requesting leave to file an amended complaint, ***not*** by requesting that the Court take judicial notice.

For these reasons, the Court **DENIES** Plaintiff's Motion to Take Judicial Notice Pursuant to Fed. R. Evid. 201 (ECF No. 38).

### IV. Plaintiff's Letter to the Court (ECF No. 39)

On May 30, 2023, the Court received an untitled document in the form of a letter from Plaintiff addressed to the undersigned Magistrate Judge. (ECF No. 39). In the letter, Plaintiff alleged that he is being "harassed and threatened" by the staff of the Trumbull Correctional Institution, at which he is currently incarcerated, in retaliation for filing the instant action. (*Id*. at PageID 282.) For example, Plaintiff claims that "a Lt. Brock shook down [his] cell and destroyed some of the legal documents pertaining to [Plaintiff's] case" and that "Unit Manager Smallwood and the Investigator [at the Trumbull Correctional Institution] informed [Plaintiff] that if [he] continue[s] pursuing a civil lawsuit against Defendants Heard and Westfall[,] they will make sure that [he] do[es] not make it to the streets next year." (*Id*.)

It is well-established that "filings by *pro se* litigants are liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers." *Waddell v. Greeneville Police Dep't*, 2022 WL 19077362, at *1, n. 1 (E.D. Tenn. 2022) (internal punctuation omitted) (citing to *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

6

This relaxed pleading standard does not require a court to "conjure allegations on a litigant's behalf," *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (internal citations omitted), or "construct full-blown claims from sentence fragments," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). It does, however, mandate "active interpretation in some cases [in order] to construe a *pro se* petition to encompass any allegation stating federal relief." *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985).

In the instant case, construing Plaintiff's letter liberally, the Court finds that it plausibly alleges a claim for retaliation in violation of the First Amendment to the Constitution:

> To state a claim for retaliation under the First Amendment, a prisoner must allege the following: (1) that he engaged in protected conduct; (2) that an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) that there is a causal connection between elements one and two – that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Dykes v. Marshall*, 2019 U.S. App. LEXIS 30498, at *10 (6th Cir. 2019). Plaintiff asserts that he was engaged in the protected conduct[2] of prosecuting the instant case and that he was subjected to threats and harassment intended to deter him from continuing that prosecution. (ECF No. 39, PageID 282.) Therefore, "however inartfully pleaded," *e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007), Plaintiff's letter sets forth a colorable First Amendment claim under 42 U.S.C. § 1983. *See Knapp v. City of Columbus*, 93 F. App'x

---

[2] Because "an inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf," a prisoner's "pursuit of legal claims" is protected conduct so long as those claims are not frivolous. *Bell v. Johnson*, 3087 F.3d 594, 607 (6th Cir. 2002) (internal citations omitted). This Court has previously held that Plaintiff's Eighth Amendment claims against the remaining defendants are not frivolous. (ECF No. 10 (adopting Report and Recommendations, ECF No. 6).)

718, 720 (6th Cir. 2004) ("The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of the claim. Factual allegations alone are what matters. The court's duty is to look to the facts and grant the necessary relief as justice requires – not to demand that certain citations or phrases are used." (internal citation omitted)); *Hodge v. Terminix Global Holdings, Inc.*, 2023 WL 1120879, at *4 (M.D. Tenn. 2023) (noting in *pro se* case that "[t]he Federal Rules of Civil Procedure do not require plaintiffs to pin their claims for relief to a precise statute or legal theory").

Where, as here, a *pro se* party sets forth a viable request for relief but fails to correctly caption that filing as a complaint, "the district court may[,] on its own initiative[,] re-characterize a *pro se* pleading." *Young Bok Song v. Gipson*, 423 F. App'x 506, 509 (6th Cir. 2011). Thus, in the instant case, "for efficiency's sake and out of a sense of fairness [the] *pro se* petitioner[]," *U.S. v. McDonald*, 326 F. App'x 880, 882 (6th Cir. 2009) (italics added and internal citation omitted), the Court will re-characterize Plaintiff's letter (ECF No. 39) as a motion for leave to file a supplemental complaint pursuant to Fed. R. Civ. P. 15(d).

Rule 15(d) provides in relevant part that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Here, Plaintiff's letter does not specify the dates on which the events giving rise to his retaliation claims allegedly occurred. However, in order to be retaliatory as Plaintiff alleges, those events would necessarily have had to "happen[] after the date of" Plaintiff's original complaint. Furthermore, Plaintiff's letter was docketed on June 1 –

more than three weeks prior to the date of the instant Order. The Court finds that this has afforded Defendants reasonable notice of Plaintiff's supplemental claims. *Compare* Fed. R. Civ. P. 12(a)(1)(C) (twenty-one days for answers to complaints); S.D. Ohio Civ. R. 7.2(a)(2) (twenty-one days for responses in opposition to motions).

Accordingly, the Court **RECHARACTERIZES** Plaintiff's letter to the Court (ECF No. 39) as a Motion for Leave to Serve a Supplemental Complaint pursuant to Fed. R. Civ. P. 15(d) and, so recharacterized, **GRANTS** that motion. The Court **DIRECTS** the Clerk to re-docket Plaintiff's letter (ECF No. 39) as a Supplemental Complaint.

The Court notes that Plaintiff's letter does not fully set forth the identities and addresses of the intended defendants. Therefore, the Court **ORDERS** Plaintiff, within thirty (30) days of the date of this Order, to provide the Court with the names and addresses of all defendants against whom he is asserting a claim for retaliation in his Supplemental Complaint and to submit completed summons and Marshal forms for those defendants. The Court **DIRECTS** the Clerk to provide Plaintiff with no fewer than five (5) blank summons and five (5) blank United States Marshal forms. Upon receipt of that information, the Court will order service of the Supplemental Complaint.

V. **CONCLUSION**

In sum, for the foregoing reasons, the Court **ORDERS** as follows:

1. Plaintiff's Motion for Leave to File Additional Interrogatories (ECF No. 36) is **DENIED WITHOUT PREJUDICE**.
2. Plaintiff's Motion to Compel Defendants to Fulfill Plaintiff's Request for Discovery (ECF No. 37) is **GRANTED**. Defendants are **ORDERED** to provide

9

Plaintiff with all of the documents identified in the Motion to Compel (ECF No. 37) within thirty (30) days of the date of this Order.

3. Plaintiff's Motion to Take Judicial Notice Pursuant to Fed. R. Evid. 201 (ECF No. 38) is **DENIED**.

4. With respect to Plaintiff's letter to the Court (ECF No. 39):

    a. The Court **RECHARACTERIZES** Plaintiff's letter as a Motion for Leave to File a Supplemental Complaint pursuant to Fed. R. Civ. P. 15(d) and, so recharacterized, **GRANTS** that motion. The Clerk is **DIRECTED** to re-docket that filing as Plaintiff's Supplemental Complaint.

    b. The Clerk is further **DIRECTED** to provide Plaintiff with no fewer than five (5) blank summons and five (5) blank United States Marshal forms.

    c. Within thirty (30) days of the date of this Order, Plaintiff is **ORDERED** to provide the Court with the names and addresses of all individuals against whom he is asserting his supplemental claims and to submit completed summons and Marshal forms for those individuals. The Court will then order service by separate entry.

**IT IS SO ORDERED**.

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within **FOURTEEN** days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Order is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).