IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ROBERT JOHNSON, | : | Case No. 2:22-cv-02455 |
| Plaintiff, | : | |
| | : | District Judge Sarah D. Morrison |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| | : | |
| ANNETTE CHAMBERS-SMITH, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

On May 30, 2023, the Court received a letter from Plaintiff that was addressed to the undersigned Magistrate Judge. (Doc. No. 39.) In that letter, Plaintiff expressed concern for his well-being because prison guards allegedly threatened and injured him in retaliation for Plaintiff's filing of this lawsuit. The Court construed Plaintiff's letter as setting forth a supplemental complaint pursuant to Fed. R. Civ. P. 15(d) and ordered:

> [T]he Court **ORDERS** Plaintiff, within thirty (30) days of the date of this Order, to provide the Court with the names and addresses of all individuals against whom he is asserting a claim for retaliation in his Supplemental Complaint and to submit completed summons and Marshal forms for those defendants.

(Doc. No. 43, PageID 317.)

The thirty-day deadline has now passed and Plaintiff has not filed the required information. Instead, Plaintiff has filed a Motion to Reconsider Order[] ("Motion for Reconsideration," Doc. No. 52). That motion states in relevant part:

> Comes now the Plaintiff, Robert Johnson, *pro se*, who respectfully moves this Honorable Court to reconsider a Court Order[] for Plaintiff[] to do a

1

> supplemental complaint with respect to Plaintiff's Letter to the Court. Plaintiff humbly asks that this Court will remove this Order[]. . . . Also, Plaintiff is requesting to [immediately have a] face-to-face interview with you on camera right away so you will understand the situation wit[h] Plaintiff and the reason that Plaintiff is requesting [that you] remove the order. Also, Plaintiff is requesting [that his] Amended Supplemental Complaint still move forward with [Plaintiff's] Motion for Pro Se Mediation Program.

(Doc. No. 52, PageID 351–53 (internal citations omitted; italics added; punctuation and capitalization adjusted).)

The Court construes Plaintiff's Motion for Reconsideration as seeking: (1) an Order vacating this Court's Order (Doc. No. 43) to the extent it construed Plaintiff's letter as a supplemental complaint, (2) a status conference, and (3) a ruling on his pending Motion for Pro Se Mediation Program (Doc. No. 46). For the reasons set forth below, the Court **GRANTS** the first two requests for relief and **DENIES** the third request for relief.

I. **PLAINTIFF'S REQUEST TO VACATE PRIOR ORDER (DOC. NO. 43)**

This Court previously found that Plaintiff's letter to the Court (Doc. No. 39) "sets forth a colorable First Amendment claim under 42 U.S.C. § 1983." (Doc. No. 43, PageID 315.) On the assumption that Plaintiff sought relief for this alleged constitutional violation (*see id.* at PageID 316), the Court construed his letter to be a supplemental complaint. However, Plaintiff now indicates that this was not his intent. (Doc. No. 52.)

"A plaintiff is master of [his] complaint – [he] decides who to sue, where to sue, how to sue, and what to sue about." *Rogers v. Webstaurant Store, Inc.*, 774 F. App'x 278, 282 (6th Cir. 2019). Thus, even in *pro se* cases, a court may not "conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) (internal citations omitted). Therefore, the Court must rectify its misconstruction of Plaintiff's

2

letter. Accordingly, the Court **GRANTS IN PART** Plaintiff's Motion for Reconsideration (Doc. No. 52) and **VACATES** its prior Order (Doc. No. 43) to the extent that the Order construed Plaintiff's letter as a supplemental complaint.

Plaintiff is **ADVISED** that if he wishes to obtain specific relief from the Court, he must file a motion and not a letter with the Clerk of Court. Plaintiff's failure to comply with this directive will result in the Court disregarding future letters. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").

## II. PLAINTIFF'S REQUEST FOR STATUS CONFERENCE

Plaintiff requests that the Court immediately schedule a "face-to-face interview . . . on camera." (Doc. No. 52, PageID 352 (punctuation and capitalization adjusted).) Construing this request liberally, *see, e.g.*, *Lamb v. Howe*, 677 F. App'x 204, 207 (6th Cir. 2017), the Court understands Plaintiff to be seeking a status conference with all unrepresented parties and counsel. *See* Fed. R. Civ. P. 16(a). To that extent, the Court also **GRANTS IN PART** Plaintiff's Motion for Reconsideration. The Court will schedule a status conference by separate Order.

## III. PLAINTIFF'S RENEWED REQUEST FOR MEDIATION

Plaintiff has filed two Motions for *Pro Se* Mediation Program. (Doc No. 30; Doc. No. 46.) The Court denied the first motion (Doc. No. 30) without prejudice, explaining: "The Court appreciates Plaintiff's motivation to resolve this matter and strongly supports the use of the Court's *pro se* mediation program. However . . . several Defendants remain unserved in this case. The Court therefore finds that referral of this matter to mediation

would be premature." (Doc. No. 30, PageID 239.) Plaintiff has filed a Second Motion for *Pro Se* Mediation Program (Doc No. 46), which remains pending.

The Court understands Plaintiff to be requesting a ruling on his Second Motion. (*See* Doc. No. 52, PageID 353.) However, Defendant Cunningham remains unserved. Thus, referral of this matter to mediation would *still* be premature. Accordingly, the Court will defer its ruling upon Plaintiff's Second Motion for *Pro Se* Mediation Program (Doc. No. 46) until service on Defendant Cunningham has either been perfected or has definitively failed. To this extent, Plaintiff's Motion for Reconsideration is **DENIED IN PART.**

## IV. CONCLUSION

In sum, for the foregoing reasons, the Court **ORDERS** as follows:

1) Plaintiff's Motion for Reconsideration (Doc. No. 52) is **GRANTED IN PART** as follows:

    a. To the extent that it construed Plaintiff's letter as a supplemental complaint, the Court's June 28, 2023 Order (Doc. No. 43) is **VACATED**. In all other respects, that Order remains in full force and effect.

    b. Document Number 44, currently captioned Plaintiff's Supplemental Complaint, is **STRICKEN** from the record. The Clerk is **DIRECTED** to restrict that document to Court access only. The Clerk is further **DIRECTED** to recaption Plaintiff's original letter to the Court (Doc. No. 39) as "Letter from Plaintiff."

    c. The Court will schedule a status conference in this matter by separate order.

2) Plaintiff's Motion for Reconsideration (Doc. No. 52) is **DENIED IN PART** to the extent that it requests a ruling on his Second Motion for *Pro Se* Mediation Program.

**IT IS SO ORDERED**.

                                              */s/ Caroline H. Gentry*
                                              Caroline H. Gentry
                                              United States Magistrate Judge

Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within **FOURTEEN** days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Order is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).