**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT JOHNSON, | : | Case No. 2:22-cv-02455 |
| | : | |
| Plaintiff, | : | District Judge Sarah D. Morrison |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| ANNETTE CHAMBERS-SMITH, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## DECISION AND ORDER

In this Section 1983 civil rights action, Plaintiff, an Ohio inmate proceeding

without the assistance of counsel, brings Eighth Amendment claims against employees of

the Madison Correctional Institute. This matter is before the Court to rule upon various

motions filed by Plaintiff and to address the failure of service on Defendant Cunningham.

## I. PLAINTIFF'S MOTION FOR LEAVE TO FILE ADDITIONAL INTERROGATORIES (DOC. NO. 55)

Federal Rule of Civil Procedure 33(a)(1) limits each party to serving no more than

25 written interrogatories, absent order of the Court. Fed. R. Civ. P. 33(a)(1). "A party

requesting leave to serve additional discovery requests must make a particularized

showing to establish a need for those additional requests." *Mall v. Merlo*, No. 2:18-CV-

00430, 2019 WL 2521165, *3 (S.D. Ohio June 19, 2019) (Vascura, M.J.) (internal

citations omitted). In order to make such a showing, the requesting party must generally

"submit the proposed additional requests to the district court for review," and his motion

1

must provide enough information for "the Court . . . to determine that the requested information is necessary to prove Plaintiff's claims." *Pettus-Brown v. Phelps*, No. 2:18-CV-00082, 2018 WL 5960821, at *5-6 (S.D. Ohio Nov. 14, 2018) (Jolson, M.J.) (collecting cases).

Plaintiff filed his first Motion for Additional Interrogatories on April 25, 2023. (Doc. No. 27.) Plaintiff indicated that he had "previously submitted twenty-five (25) total questions to each Defendant" and "request[ed] permission to submit to each Defendant five (5) additional questions." (*Id*. at PageID 219.) The Court denied the motion without prejudice because Plaintiff had "offered no explanation" as to why the additional interrogatories were necessary. (Doc No. 30, PageID 234.)

Plaintiff filed his second Motion for Leave to File Additional Interrogatories on May 22, 2023. (Doc. No. 36.) Plaintiff again indicated that he had "previously submitted twenty-five (25) total questions to each Defendant" and "request[ed] permission to submit to each Defendant five (5) additional questions." (*Id*. at PageID 267.) In addition, Plaintiff stated that the additional interrogatories were made necessary by "Defendants Westfall and Cann's responses to Plaintiff's earlier interrogatories and . . . additional reports received by Plaintiff . . . which include[d] evidence contrary to one or more of Westfall and Cann's responses to those interrogatories." (*Id*.) The Court recognized that "[t]he discovery of new information of the kind Plaintiff describes *may* give rise to a particularized need for additional discovery," but once again denied Plaintiff's motion without prejudice due to Plaintiff's failure to submit his proposed interrogatories or otherwise provide the Court with sufficient information. (Doc. No. 43, PageID 310.)

2

Plaintiff has now filed a third Motion for Leave to File Additional Interrogatories. (Doc. No. 55.) Unlike his earlier two motions, Plaintiff's third motion states that "Plaintiff has previously submitted *less than* twenty-five (25) questions to each Defendant" and "requests permission to submit to each Defendant additional questions . . . *not to exceed* twenty-five (25) in totem [sic]." (*Id*. at PageID 374 (emphasis added).) Plaintiff also repeats verbatim his conclusory assertion that the additional interrogatories are necessary due to unspecified new evidence "contrary to one or more of Westfall and Cann's responses to [prior] interrogatories." (*Id*.) He also attached the proposed interrogatories, which are numbered 17 through 25 for Defendant Westfall and 15 through 25 for Defendant Cann. (Doc. No. 55-1.)

What Plaintiff has *not* done, despite explicit instruction from the Court, is to "demonstrate a particularized need for the specific additional interrogatories that he proposes" or "explain why the benefits of allowing those additional interrogatories would outweigh the concomitant burden on Defendants." (Doc. No. 43, PageID 310.) Therefore, the Court once again "lacks sufficient information to determine whether such interrogatories are justified." (Doc No. 30, PageID 234.)

Moreover, contrary to prior representations to the Court, Plaintiff now indicates that he has not, in fact, already served twenty-five interrogatories each on Defendants Westfall and Cann. If this is the case, then Plaintiff may serve his proposed additional interrogatories as of right, without leave of the Court, rendering his motion moot.

3

Accordingly, the Court finds that Plaintiff's Third Motion for Leave to File Additional Interrogatories (Doc. No. 55) is not well-taken and therefore **DENIES** that Motion.

## II.    PLAINTIFF'S MOTION TO APPOINT COUNSEL (DOC. NO. 58)

On September 21, 2023, Plaintiff filed a Motion to Appoint Counsel and to Review Order and to Order Ref # for Kites. ("Motion to Appoint Counsel," Doc. No. 58.) Although somewhat obtuse, that Motion appears to seek several distinct forms of relief.

First, Plaintiff asks that the Court appoint counsel to represent him in this action. (*Id*. at PageID 385.) In support of this request, Plaintiff states that he is in restrictive housing and therefore has limited access to the prison law library. (*Id*.) In particular, he asserts that he is being denied assistance by law library staff because they will not assist him in typing his filings. (*Id*.) He therefore asks the Court to "do a <u>thorough</u> investigation [into] appointing counsel for Plaintiff." (*Id*. at PageID 387 (emphasis in original).)

However, as the Court has previously explained to Plaintiff (Doc. No. 3, PageID 76; Doc. No. 30, PageID 230-31), the appointment of counsel in civil cases is not a constitutional right and is justified only by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-06 (6th Cir. 1993). *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Congress has not provided funds to compensate such attorneys and few lawyers are willing and able to absorb the costs of representing civil litigants on a voluntary basis. The Court makes every effort to appoint counsel in those cases that proceed to trial and, in exceptional circumstances, will attempt to appoint counsel at an earlier stage of the litigation. Despite Plaintiff's difficulties with law library staff, no

exceptional circumstances appear here. Accordingly, to the extent that Plaintiff's Motion to Appoint Counsel (Doc. No, 58) asks the Court to appoint a lawyer to represent him in this case, that motion is **DENIED** without prejudice. Once again, Plaintiff may renew his request for counsel *if this matter proceeds past motions to dismiss and motions for summary judgment*.

Plaintiff's Motion also appears to ask the Court to order Defendants to produce certain "kites" – prison-internal messages – for the Court's review. (Doc. No. 58, PageID 386.) Plaintiff does not indicate why he believes the Court should conduct such a review or what authority the Court has to issue such an order. Therefore, to the extent that Plaintiff's Motion to Appoint Counsel (Doc. No. 58) asks the Court to order Defendants to produce kites for the Court's review, that motion is **DENIED**. Plaintiff is directed to follow the Federal Rules of Civil Procedure with respect to all discovery requests.

Finally, Plaintiff moves the Court to "review" its prior Order (Doc. No. 47), issued July 5, 2023, wherein the Court ordered the United States Marshal to effect service upon Defendant Cunningham. (Doc. No. 58, PageID 386-87.) Plaintiff notes that significant time has now passed since the Court issued that Order but Defendant Cunningham remains unserved. (*Id*.) Thus, Plaintiff asks the Court to "review[] and to take . . . steps to see what the problem is . . ." (*Id*.) The Court finds this request to be well-taken. Accordingly, to the extent that Plaintiff's Motion to Appoint Counsel (Doc. No. 58) asks the Court to address the failure of service on Defendant Cunningham, that motion is **GRANTED**. The Court addresses that issue below.

### III.    PLAINTIFF'S MOTION FOR RELEASE (DOC. NO. 60)

On November 17, 2023, Plaintiff filed a document captioned "Motion for Consideration to See if You Have the Authority to Have Me Released to the United State[s] Service Military to Help and to Support Our Troops and to Support Israel." ("Motion for Release," Doc. No. 60 (capitalization adjusted).) Plaintiff indicates that he wishes to join the United States Armed Forces to assist in the current conflict in the Middle East and asks to be released from prison for that purpose. (*Id.* at PageID 395.)

As an initial matter, Plaintiff's Motion for Release is not well-taken because it has no connection to the Eighth Amendment claims pled in this lawsuit. More fundamentally, this Court simply has no power to order the relief that Plaintiff seeks. Thus, while the Court appreciates Plaintiff's desire to serve his country, Plaintiff's Motion for Release (Doc. No. 60) is **DENIED**.

### IV.    FAILURE OF SERVICE ON DEFENDANT CUNNINGHAM

On October 12, 2022, the Court ordered the United States Marshal to serve copies of the complaint and summons upon all Defendants. (Doc. No. 6, PageID 117.) The Marshals Service promptly sent those documents via certified U.S. Mail to the Madison Correctional Institute, where they were accepted by an individual signing simply "MaCI." (Doc. No. 8.) However, Madison Correctional Institute Warden Leon Hill subsequently advised the Court that "[c]ertified mail addressed to Ms. Cunningham, Michael Troch, Mr. Stout, and Malcolm Heard were [sic] accepted in error by mailroom staff. The individuals that are addressed on the envelopes do not work at Madison Correctional Institution." (Doc. No. 9.)

6

On April 28, 2023, Plaintiff filed a Motion for Extension of Time to Serve Defendants (Doc. No. 29) in which he asserted that he "ha[d] only just" received a copy of Warden Hill's letter. (*Id*. at PageID 225.) Plaintiff therefore asked the Court to extend the time for service of the complaint and summons upon the unserved Defendants pursuant to Federal Rule of Civil Procedure 4(m).

The Court granted Plaintiff's Motion for Extension of Time but found that a mere extension of time, without more, would be futile and potentially detrimental to the interests of the parties. (Doc. No. 30, PageID 9.) Accordingly, the Court ordered the Ohio Attorney General to file a notice stating whether Defendants Heard, Troch, Cunningham, and Stout remained employed by the State of Ohio and, if so, the addresses at which they could be served. (*Id*. at PageID 10.) If any of the Defendants were no longer employed by the State of Ohio, the Court ordered the Ohio Attorney General to provide those Defendants' last known home addresses *in camera*. (*Id*.)

The Ohio Attorney General confirmed that Defendants Heard, Stout, and Troesch[1] were still employed by the State of Ohio, and provided addresses at which they could be served. (Doc. No. 33, PageID 258.) Defendants Heard, Stout, and Troesch have since been served without further incident. Because Defendant Cunningham is no longer employed by the State of Ohio, the Attorney General submitted her last known address *in camera*, pursuant to the Court's Order. (Doc. No. 45 (sealed).)

---

[1] The Attorney General suggested (Doc. No. 33, PageID 258), and Plaintiff later confirmed (Doc. No. 40, PageID 286), that Plaintiff had intended to name Brian Troesch rather than Michael Troch.

The Court subsequently ordered the United States Marshals Service to serve the Complaint and summons upon Defendant Cunningham at the address provided by the Ohio Attorney General. (Doc. No. 47.) On September 11, 2023, the summons was returned unexecuted. (Doc. No. 57 (sealed).)

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served [with a complaint and summons] within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Generally, "the plaintiff bears the burden of perfecting service and proving that proper service was made." *Tepe v. Whirlpool Corp.*, 2023 WL 6130297, at *2 (6th Cir. 2023). But where, as here, a plaintiff is proceeding *in forma pauperis*, and the court orders service by the United States Marshal, the plaintiff is "reliev[ed] . . . of the burden to serve process" and need only take "reasonable steps" to identify the defendants. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

The Court has previously found that Plaintiff has taken reasonable steps to identify Defendant Cunningham. (Doc. No. 30, PageID 236.) The burden of effecting service thus shifted to the Marshals Service, and the continued failure of service of process on Defendant Cunningham is "through no fault of Plaintiff," *Blair v. Shievelhud*, No. 22-05118, 2022 WL 18861790, at *5 (6th Cir. Dec. 5, 2022). Accordingly, there is "automatically 'good cause'" to once again "extend time for service under Rule 4(m)." *Graham v. Satkowski*, 51 F.3d 710, 713 (7th Cir. 1995) (cited with approval by *Byrd*, 94 F.3d at 219)).

8

However, while Plaintiff is entitled to rely on the Marshals Service to effectuate service, certain limits apply. The Marshal is not required to "be a private investigator for [Plaintiff] or . . . use software available only to law enforcement officers to discover addresses for defendants whose whereabouts are not discoverable through public records." *Johnson v. Herren*, No. 2:13-CV-00583, 2013 WL 6410447, at *3 (S.D. Ohio Dec. 9, 2013) (McCann King, M.J.) (internal citation omitted).

In nearly identical circumstances involving failure of service by certified mail upon a former employee of the Madison Correctional Institute, this Court held that "the Marshal's [sic] Service discharges its duty to take 'reasonable efforts' to try to effect service of process by conducting an internet search and contacting a defendant's former employer, even if that search is ultimately unsuccessful." *Johnson v. Herren*, 2013 WL 6410447, at *3. In that case, the Court ordered the Marshals Service to employ such means to locate and serve a defendant but also cautioned the plaintiff that, if these efforts were unsuccessful, the Court would subsequently issue an order directing the plaintiff to show caused why his claims against the unserved defendant should not be dismissed. *Id*. *See also, e.g.*, *Richardson v. Johnson*, 598 F.3d 734 (11th Cir. 2010) (vacating Rule 4(m) dismissal of *pro se* claim and remanding "for a determination whether [defendant] can be located with reasonable effort. If so, [he] must be served; otherwise, the district court properly dismissed [plaintiff's] claim"). The Court will adopt an identical approach here.

Accordingly, the Clerk is **DIRECTED** to provide the United States Marshals Service a summons and copy of the Complaint (Doc. No. 5) for service on Defendant Cunningham. The United States Marshals Service is **DIRECTED** to take reasonable

9

steps to locate and serve Defendant Cunningham within the next **FORTY-FIVE (45)**

**DAYS**. The Marshals Service may comply with the terms of this Order by conducting a

public internet search for Defendant Cunningham's current address and making

reasonable inquiry at Defendant Cunningham's former place of employment, the

Madison Correctional Institute.

If the Marshals Service perfects service upon Defendant Cunningham, it shall file

proof of service **UNDER SEAL**. If, despite reasonable effort as described herein, the

Marshals Service is unable to perfect service, it shall file the Process Receipt and Return,

Form USM-285, and describe in the "Remarks" section of that document the steps that

were taken to locate and effect service on Defendant Cunningham.

Plaintiff is **CAUTIONED** that if the Marshals Service is unable, despite

reasonable efforts, to locate and serve Defendant Cunningham, then the Court will issue a

an order requiring Plaintiff to show cause why his claims against Defendant Cunningham

should not be dismissed without prejudice for failure of service pursuant to Federal Rule

of Civil Procedure 4(m).

## V.     MOTION FOR PRO SE MEDIATION PROGRAM (DOC. NO. 46)

On July 5, 2023, Plaintiff filed a Motion for Pro Se Mediation Program (Doc. No.

46). Because one Defendant remains unserved, and has not appeared in this lawsuit, this

Motion is **DENIED WITHOUT PREJUDICE.** Plaintiff is free to refile this Motion

once Defendant Cunningham has been served and has filed an appearance in this lawsuit

or, alternatively, once Plaintiff's claims against Defendant Cunningham have been

dismissed due to a failure of service.

## VI.   CONCLUSION

In sum, for the foregoing reasons, the Court **ORDERS** as follows:

1. Plaintiff's Motion for Leave to File Additional Interrogatories (Doc. No. 55) is **DENIED**.

2. Plaintiff's Motion to Appoint Counsel (Doc. No. 58) is **GRANTED IN PART** and **DENIED IN PART**:

    a.  Plaintiff's request for court-appointed counsel is **DENIED WITHOUT PREJUDICE**;

    b.  Plaintiff's request that the Court order Defendants to produce certain kites for the Court's review is **DENIED**; and

    c.  Plaintiff's request that the Court address the continued failure of service on Defendant Cunningham is **GRANTED**.

3. Plaintiff's Motion for Release (Doc. No. 60) is **DENIED**.

4. The Clerk of Court is **DIRECTED** to provide the United States Marshals Service a summons and copy of the Complaint (Doc. No. 5) for service on Defendant Cunningham.

5. The United States Marshals Service is **DIRECTED** to take reasonable steps to locate and serve Defendant Cunningham within the next **FORTY-FIVE (45) DAYS**. The Marshals Service may comply with the terms of this Order by conducting a public internet search for Defendant Cunningham's current address and making reasonable inquiry at Defendant Cunningham's former place of employment, the Madison Correctional Institute.

a. If the Marshals Service perfects service upon Defendant Cunningham, it shall file proof of service **UNDER SEAL**.

b. If, despite reasonable effort, the Marshals Service is unable to perfect service, it shall file the Process Receipt and Return, Form USM-285, and describe in the "Remarks" section of that document the steps taken to locate and effectuate service on Defendant Cunningham.

6. Plaintiff's Motion for Pro Se Mediation Program (Doc. No. 46) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

 */s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

<u>Procedure on Objections</u>

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within **FOURTEEN** days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Order is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as

all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned

District Judge otherwise directs. A party may respond to another party's objections

within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on

appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947,

949-50 (6th Cir. 1981).