IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT JOHNSON, | Case No. 2:22-cv-02455 |
| Plaintiff, | District Judge Sarah D. Morrison |
| vs. | Magistrate Judge Caroline H. Gentry |
| ANNETTE CHAMBERS-SMITH, *et al.*, | |
| Defendants. | |

**DECISION AND ORDER**

This is a civil rights action under 42 U.S.C. § 1983. Plaintiff is an Ohio inmate proceeding without the assistance of counsel, and Defendants are employees of the Madison Correctional Institute. This matter is before the Court for a ruling on Plaintiff's Motion for Stay (Doc. No. 64) and Defendant Cunningham's Motion for Leave to File Answer *Instanter* (Doc. No. 65). The Court will also address the issue of mediation.

**I.    PLAINTIFF'S MOTION FOR STAY (DOC. NO. 64)**

On March 5, 2024, Plaintiff filed a document captioned "Motion [for] Stay and to Correct the Records of My Last Filing" ("Motion for Stay," Doc. No. 64). Plaintiff requests that these proceedings be stayed until September 30, 2024 on the basis that his incarcerated status and lack of legal training hamper his ability to effectively prosecute this case. (*Id*. at PageID 422.) He indicates that he expects to be released on August 10, 2024 and that the time between August 10 and September 30 will afford him an opportunity to retain counsel and obtain evidence necessary for summary judgment

1

proceedings. (*Id.*) He notes that the Court previously granted Defendants an extension of time (*see* Doc. No. 41) and requests even-handed treatment. Defendants did not respond.

Ordinarily, an unopposed motion would be granted. *See* S.D. Ohio Civ. R. 7.2(a)(2); *Kendle v. Whig Enters., LLC*, No. 2:15-CV-01295, 2016 WL 898569, at *4 (S.D. Ohio Mar. 9, 2016) (McCann King, M.J.). However, Defendants are not the only parties with an interest in the outcome of Plaintiff's request for a stay. Both the Court and the public have an interest in avoiding unnecessary delays of judicial proceedings. *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 629 (6th Cir. 2014) (noting that "the public interest is furthered where individuals' injuries are remedied in a timely manner."). Therefore, the Court will proceed to consider the merits of Plaintiff's Motion for Stay.

"[A] District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The party seeking a stay bears the burden of showing "that there is pressing need for delay[] and that neither the other party nor the public will suffer harm from entry of the [stay]." *Ohio Env't Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). When considering a request for a stay, this Court evaluates the following factors:

> (1) the need for a stay; (2) the stage of the litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the [C]ourt.

*Kirby Devs., LLC v. XPO Glob. Forwarding, Inc.*, No. 2:18-cv-00500, 2018 WL 6075071, at *2 (S.D. Ohio Nov. 20, 2018) (Smith, D.J.) (collecting cases).

Considering these factors, the Court finds that they weigh against the imposition of a stay. The most relevant factor is the second factor, which addresses the stage of the litigation. Despite its age, this case is still in a fairly early stage of the litigation because the last defendant to be served, Defendant Rylee Cunningham, did not appear in the case until today, when she filed her answer through her counsel. Now that all Defendants have appeared in the litigation, the Court can enter a scheduling order that sets deadlines for the parties to complete discovery and file motions for summary judgment. By separate order, the Court will also consider whether mediation is appropriate.

During the next several months, the Court anticipates that the parties will engage in discovery and potentially mediation. Plaintiff's concern that it will be difficult to respond to motions for summary judgment while he is incarcerated is premature. Although Defendants have the option of filing an early motion for summary judgment, such motions typically are not filed until after discovery is completed, which is several months away. Moreover, if Defendants do file an early motion for summary judgment and Plaintiff needs additional time to respond, then Plaintiff can request an extension of time to file his response. With this approach, the Court can address Plaintiff's concerns without further delaying the progress of this case. The Court will therefore **DENY** Plaintiff's request for a stay.

Plaintiff's Motion seeks two additional forms of relief. First, Plaintiff asks the Court to reconsider its prior Order (Doc. No. 61) denying his Motion to Appoint Counsel (Doc. No. 58). (Doc. No. 64, PageID 423.) Plaintiff contends that there was "a misunderstanding" as to the bases for his Motion and renews his requests that the Court

"order all kites from Lucasville prison to show that [Plaintiff] was getting denied . . . access to legal assistan[ce]" and that the Court "review [the] kites [it]self." (*Id*.) But, as the Court explained in its Order (Doc. No. 61, PageID 402), the Court is aware of no authority that would allow it to order Lucasville Prison to turn over internal communications for *ex parte* review of a matter unrelated to Plaintiff's Complaint. Moreover, as the Court has now ***repeatedly*** advised Plaintiff (*see* Doc. Nos. 3, 30, 61), there is no constitutional or statutory right to court-appointed counsel in civil cases. *See, e.g.*, *Lavado v. Keohane*, 992 F.2d 601, 604–06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

For these reasons, Plaintiff's request that the Court reconsider its prior Order (Doc. No. 61) is not well-taken. Once again, the Court advises Plaintiff that he may renew his request for appointed counsel ***if this matter proceeds past motions to dismiss and motions for summary judgment***. ***Plaintiff is cautioned that further requests for appointed counsel may be stricken from the record if filed prior to the resolution of dispositive motions.***

Plaintiff's Motion for Stay also asks for "some kind of clarification" regarding the Court's repeated denials of his untimely Motions for *Pro Se* Mediation Program (Doc. Nos. 30, 53, 61). (Doc. No. 64, PageID 243.) Specifically, Plaintiff asks the Court to clarify whether he will be required to file a renewed Motion for *Pro Se* Mediation Program following service on Defendant Cunningham. (*Id*.) The Court will not require the refiling of such a motion, and instead addresses the issue of mediation below.

4

Finally, the Court was troubled to note that the Certificate of Service attached to Plaintiff's Motion for Stay (Doc. No. 64) does not, in fact, certify that Plaintiff served that Motion on Defendants. Instead it states: "The foregoing motion has been sent via US mail to the United States District Court for the Southern District of Ohio and can the Clerk of Court send a copy to the attorney general." (*Id*. at PageID 423 (capitalization adjusted; punctuation as in original).) This is unacceptable.

The Court previously ordered Plaintiff to "serve upon defendants or . . . defendants' attorney(s), a copy of every . . . document submitted" and to accompany all filings with "a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel." (Doc. No. 6, PageID 117.) *See* S.D. Ohio Civ. R. 5.2(a); Fed. R. Civ. P. 5(d). Plaintiff is responsible for serving his own filings on opposing counsel. He cannot suggest or require that the Clerk do it for him. **Plaintiff is once again cautioned that any future filing that does not contain a <u>proper</u> certificate of service may be disregarded and/or stricken from the record.**

Accordingly, Plaintiff's Motion for Stay (Doc. No. 64) is **DENIED**.

## II.     DEFENDANT CUNNINGHAM'S MOTION FOR LEAVE TO FILE ANSWER INSTANTER (DOC. NO. 65)

Although Plaintiff filed his Complaint nearly two years ago, unforeseen difficulties repeatedly frustrated attempts at service on Defendant Cunningham. (*See* Doc. No. 61, PageID 403-07.) However, on March 28, 2024, Defendant Cunningham filed a Motion for Leave to File Answer *Instanter* (Doc. No. 65). That Motion indicates that

Defendant Cunningham was finally served on March 1, 2024.[1] Therefore, under Federal Rule of Civil Procedure 12(a)(1)(A)(i), she was required to serve any answer to Plaintiff's Complaint no later than March 22, 2024. She did not do so and now requests leave to file an answer after the deadline.

Federal Rule of Civil Procedure 6(b)(1)(B) allows this Court to excuse an untimely filing if the filing party shows that the untimeliness was due to "excusable neglect." The decision whether to permit an untimely answer under Rule 6(b)(1)(B) is within the Court's discretion. *See Mann v. Mohr*, 802 F. App'x 871, 878 (6th Cir. 2020). When making that decision, the Court must consider five factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Id*. (internal citation omitted).

Here, the Court finds that these factors weigh in favor of allowing Defendant Cunningham's untimely answer. Defendant Cunningham's delay of six days was *de minimis* and does not prejudice the Court or any of the parties, particularly in light of the age of this case and the repeated difficulties in service. Moreover, while Defendant Cunningham has not explained her delay in informing counsel of service (*see* Doc. No. 65, PageID 433), it is clear that, once informed, counsel promptly filed the Motion for Leave and proposed answer.

---

[1] As of the date of this Order, no return of service has been filed by the United States Marshals Service.

For these reasons, the Court finds that Defendant Cunningham's Motion for Leave to File Answer *Instanter* (Doc. No. 65) is well-taken. Accordingly, that Motion is **GRANTED**. The Clerk is **DIRECTED** to re-docket Defendant Cunningham's proposed answer (Doc. No. 65-1) accordingly.

### III. REFERRAL TO MEDIATION

As discussed above, Plaintiff has repeatedly requested that this matter be referred to mediation. (Doc. Nos. 24, 46, 53.) The Court strongly supports the use of mediation and is empowered to grant Plaintiff's requests or, indeed, to order mediation *sua sponte*. *See* Southern District of Ohio Supplemental Procedures for Alternative Dispute Resolution (citing the Alternative Dispute Resolution Act, 28 U.S.C. § 651 *et seq*.). Now that all Defendants have been served and appeared in this matter, Plaintiff's repeated request for mediation is finally ripe and can be considered on its merits.

However, given the complexities of coordinating mediation with an incarcerated and unrepresented party, the Court is hesitant to order a mediation unless all parties are prepared to engage in that process. Accordingly, in order to determine whether mediation is likely to be fruitful in this case, the Court **ORDERS** Defendants to file, no later than **THIRTY (30) DAYS** from the date of this Order, a statement indicating whether any Defendant objects to this matter being referred to mediation. If such an objection is made, the objecting Defendant shall state the reason(s) for the objection and indicate whether he or she is willing to revisit the issue of mediation after the completion of discovery. **No response is required from Plaintiff.** After this statement is filed, the Court will further address the issue of mediation by separate order.

**VI. CONCLUSION**

In sum, for the foregoing reasons, the Court **ORDERS** as follows:

1. Plaintiff's Motion for Stay (Doc. No. 64) is **DENIED. Plaintiff is once again cautioned that any future filing that does not contain a properly executed certificate of service may be disregarded and/or stricken from the record.**

2. Defendant Cunningham's Motion for Leave to File Answer *Instanter* is **GRANTED**. The Clerk is **DIRECTED** to re-docket Defendant Cunningham's proposed answer (Doc. No. 65-1) accordingly.

3. Defendants are **ORDERED** to file, no later than **THIRTY (30) DAYS** from the date of this Order, a statement indicating whether any Defendant objects to this matter being referred to mediation. If such an objection is made, the objecting Defendant shall state the reason(s) for the objection and indicate whether he or she is willing to revisit the issue of mediation after the completion of discovery. **No response is required from Plaintiff.**

    **IT IS SO ORDERED**.

                                               */s/ Caroline H. Gentry*
                                               Caroline H. Gentry
                                               United States Magistrate Judge

Procedure on Objections

Pursuant to Fed. R. Civ. P. 72(a), any party may serve and file specific, written objections within **FOURTEEN** days after being served with this Order. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Order is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Order objected to and shall be accompanied by a memorandum of law in support of the objections. If the Order is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).