# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT JOHNSON, | : | Case No. 2:22-cv-02455 |
| Plaintiff, | : | Chief Judge Sarah D. Morrison |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| ANNETTE CHAMBERS-SMITH, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding without the assistance of counsel, filed a civil rights complaint with this Court in June 2022. (Doc. No. 1.) In November 2022, the Court allowed Plaintiff to move forward with some of his claims. (Doc. No. 10.) The remaining Defendants were served with process and conducted discovery. Recently, Defendants filed a Motion for Summary Judgment (Doc. No. 75) that is pending and unopposed.

Although Plaintiff was a prisoner in state custody when he filed this case in 2022, he was later released from custody. (*See* Doc. No. 1 at PageID 1.) Unfortunately, the Court no longer has a good address for Plaintiff. The Court sent mail to his non-prison address on several occasions, and it was returned undelivered. (*See* Doc. Nos. 72, 79, 80, 81, 82). On October 16, 2024, the Court ordered Plaintiff to file a Notice of New Address after his mail was returned undelivered. (Doc. No. 73.) Plaintiff did not do so.

On November 4, 2024, the Court again ordered Plaintiff to file a Notice of New Address. (Doc. No. 78.) The Court also notified Plaintiff that Defendants had filed a Motion for Summary Judgment and that he could file a response. (*Id*.) The Court stated:

> It is Plaintiff's responsibility to provide the Court with a mailing address where the Court can communicate with him about his case. *Barber v. Runyon,* No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [pro se Plaintiff's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."). It is also Plaintiff's responsibility to review the case docket so that he understands what is happening in his case. *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012) ("parties have an affirmative duty to monitor the dockets to keep apprised of the entry of orders") (citation omitted). If Plaintiff does not fulfill these responsibilities, then he will not know what he must do to proceed and participate in the case. Courts are authorized to dismiss a case if the plaintiff stops participating in or "prosecuting" it. *Waddell v. Bennett*, No. 1:15-cv-130, 2015 WL 5562311, at *1 (S.D. Ohio Sept. 22, 2015) (stating that "[b]y failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action," and dismissing the case).

(Order, Doc. No. 78 at PageID 534-35.) The Court advised Plaintiff that he was "**WARNED** that if he does not file a Notice of New Address by November 21, 2024, then the undersigned Magistrate Judge will recommend that this case be dismissed for failure to prosecute." (*Id*. at PageID 536.)

Despite this warning, Plaintiff did not file a Notice of New Address. He also has not filed either a response to the Motion for Summary Judgment or any other document in response to the Court's orders. His last filing in the case was on May 20, 2024. (Doc. No. 69.) Therefore, because Plaintiff has failed to comply with the Court's Orders (Doc. Nos. 73, 78), has not provided a new address at which he can receive mail, and has

stopped participating in this case, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** this case for failure to prosecute.

      **IT IS SO RECOMMENDED**.

                                                  */s/ Caroline H. Gentry*
                                                  Caroline H. Gentry
                                                  United States Magistrate Judge

### Notice Regarding Objections to this Report and Recommendations

If any party objects to this Report and Recommendations ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed. A District Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).