UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT L. JOHNSON,**

        **Plaintiffs,**    :

  v.                            **Case No. 2:22-cv-2455**
                                      **Chief Judge Sarah D. Morrison**
**ANNETTE CHAMBERS SMITH,**     **Magistrate Judge Caroline H.**
*et al.*,                          :       **Gentry**

        **Defendants.**

## ORDER

    This matter is before the Court on Plaintiff Robert L. Johnson's motion for reconsideration of the Court's December 20, 2024 Order (ECF No. 85) adopting the Magistrate Judge's Report and Recommendation and dismissing this action for failure to prosecute.[1] (ECF No. 93.)

    While the Federal Rules of Civil Procedure do not explicitly authorize motions for reconsideration of a final judgment, they are commonly treated as either a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from a judgment or order. *Hood v. Hood*, 59 F.3d 40, 43 n.1 (6th Cir. 1995). Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment," while Rule 60(b) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from

---

[1] Mr. Johnson simultaneously filed a motion for leave to file his motion for reconsideration. (ECF No. 92.) That motion is **GRANTED**.

a final judgment, order, or proceeding" for various reasons. Motions under Rules 59(e) or 60(b) are not intended to be used to re-litigate issues previously considered.

Mr. Johnson says that he never received "the Court's letter dated October 16, 2024, advising [him] to file a Notice of New Address after his mail was returned undelivered." (Mot., PAGEID # 585.) But it is Mr. Johnson's responsibility to provide the Court with a mailing address where the Court can communicate with him about his case. *Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994). It is also his responsibility to review the case docket so that he understands what is happening in his case. *Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012) ("[P]arties have an affirmative duty to monitor the dockets to keep apprised of the entry of orders[.]") (citation omitted). Mr. Johnson was warned on more than one occasion that courts are authorized to dismiss a case if the plaintiff stops participating in or prosecuting it. (ECF Nos. 78, 83.)

Mr. Johnson's motion for reconsideration (ECF No. 93) is **DENIED**, and this case will remain closed. To the extent Mr. Johnson wishes to actively pursue his claims against Defendants, he must commence a new action in this Court and, as part of doing so, provide the Court with a current mailing address.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

2